**Brenda C. MONTGOMERY, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

No. 02–3014.

United States Court of Appeals, Federal Circuit.

Oct. 11, 2002.

Before GAJARSA, Circuit Judge, PLAGER, Senior Circuit Judge, and PROST, Circuit Judge.

PER CURIAM.

Brenda C. Montgomery appeals from the final decision of the Merit Systems Protection Board (Board) sustaining the denial by the Office of Personnel Management (OPM) of her claim for disability retirement benefits under the Federal Employees' Retirement System (FERS). *See Montgomery v. Office of Pers. Mgmt.,* No. AT–844E–00–0580–I–1, 2001 WL 957706 (M.S.P.B. August 7, 2001) (final decision). Because we are precluded from reviewing the underlying factual determinations in this case, and because Ms. Montgomery has not shown that the Board

committed any procedural error or any other error "going to the heart of the administrative determination," we *affirm.*

## BACKGROUND

Ms. Montgomery voluntarily applied for FERS disability retirement benefits, citing "[s]tress, depression and high blood pressure." OPM denied her application, finding that she had established neither a performance, attendance, or conduct deficiency, nor the existence of a disabling medical condition that prevented performance of the critical duties of her position. Ms. Montgomery sought reconsideration of OPM's decision. After OPM affirmed its initial decision, Ms. Montgomery appealed OPM's denial of her application to the Board.

On June 28, 2000, after Ms. Montgomery filed her appeal but prior to her hearing before an Administrative Judge (AJ), her employing agency issued a notice of proposed removal. On August 7, 2000, the AJ conducted a hearing, and shortly thereafter issued an initial decision affirming OPM's denial of disability retirement benefits. Ms. Montgomery did not introduce the notice of proposed removal into evidence at the hearing.

On September 19, 2000, Ms. Montgomery filed a petition for review with the Board. Although she did not present any additional evidence to the Board initially, she later submitted evidence of her September 16, 2000, award of Social Security disability benefits. Ms. Montgomery was removed from her position on June 29, 2001, but she never informed the Board of her removal. The AJ's initial decision became the final decision of the Board on August 7, 2001, when the Board denied her petition for review. This appeal followed.

## DISCUSSION

Congress has strictly limited our review of Board decisions regarding disability retirement benefits. Generally, we may not review the factual underpinnings of a Board disability retirement decision. *Anthony v. Office of Pers. Mgmt.*, 58 F.3d 620, 625 (Fed.Cir.1995). The only exception to this rule is that we may review the Board's factual findings in a case involving the mental condition of an involuntarily retired employee. *Id.* (citing *Lindahl v. Office of Pers. Mgmt.*, 470 U.S. 768, 781–82, 105 S.Ct. 1620, 84 L.Ed.2d 674 (1985)); 5 U.S.C. § 8461(e)(2) (2000). We may also review a disability retirement decision to determine whether "there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error 'going to the heart of the administrative determination.'" *Lindahl,* 470 U.S. at 791, 105 S.Ct. 1620 (quoting *Scroggins v. United States,* 184 Ct.Cl. 530, 397 F.2d 295, 297 (1968)).

Ms. Montgomery's appeal brief primarily contains fact-based arguments. She contends that the Board erred by discounting or ignoring some of the medical evidence she submitted, and she argues that she presented sufficient evidence to show by a preponderance of the evidence that she qualified for disability retirement. Because these allegations challenge the Board's factual findings, we lack the authority to consider them. Ms. Montgomery's application for retirement, although based in part on an alleged mental disability, was made voluntarily, and therefore her case does not fall under the exception noted above. Accordingly, we may not review the Board's factual determination that she was not entitled to disability retirement benefits.

We may address Ms. Montgomery's argument that the Board did not properly

shift the burden of production to the Government. *See Bruner v. Office of Pers. Mgmt.,* 996 F.2d 290, 292 (Fed.Cir.1993) (stating that because the proper allocation of burdens is an important procedural right that may have substantive consequences, it is within our scope of review). In *Bruner,* the claimant was removed from his position because of the disabilities for which he sought benefits, thus establishing a prima facie case of entitlement to disability retirement benefits. *Id.* at 293–94. The burden of production then shifted to the Government to come forward with evidence to support a finding that the claimant did not qualify for disability retirement. *Id.* at 294.

In Ms. Montgomery's case, we cannot say the Board erred by failing to shift the burden of production to the Government. Although Ms. Montgomery received a notice of proposed removal prior to her hearing before the AJ, she failed to introduce the document at the hearing. We need not address whether actual removal is necessary to create the *Bruner* presumption, or whether a notice of proposed removal is sufficient. Nor must we address whether Ms. Montgomery was removed because of the disabilities for which she seeks disability benefits or, as the Government contends, because she was "unavailable for duty." Based on the record before it, the Board made no procedural errors.

Finally, Ms. Montgomery states in her brief that she was awarded Social Security benefits based on the same medical evidence she submitted to the Board. Receipt of Social Security benefits do not as a matter of law entitle a claimant to disability retirement benefits. *Trevan v. Office of Pers. Mgmt.,* 69 F.3d 520, 526 (Fed.Cir. 1995). The Board, however, must consider a Social Security award, along with any underlying medical evidence, in determining entitlement to disability retirement benefits. *Id.* The Social Security Administration did not make its award until after the issuance of the AJ's initial decision, but Ms. Montgomery did submit evidence of the award while her petition for review was pending before the Board. Ms. Montgomery, however, does not allege that the Board committed procedural error in denying her petition for review, and therefore did not raise an issue that we can review.

For the foregoing reasons, the decision of the Board is affirmed.