William P. MCCARTHY, Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT, Respondent.

No. 02–3380.

United States Court of Appeals, Federal Circuit.

Aug. 6, 2003.

Before MICHEL, BRYSON, and DYK, Circuit Judges.

PER CURIAM.

Petitioner William P. McCarthy petitions for review of a decision of the Administrative Judge ("AJ"), *McCarthy v. Office of Personnel Management*, PH–831E–00–0257–I–2 (MSPB, Dec. 12, 2000), which became a final decision of the Merit Systems Protection Board ("Board") on August 14, 2002. The AJ affirmed the denial by the Office of Personnel Management ("OPM") of McCarthy's application for disability retirement. McCarthy's arguments on appeal are that his approved sick leave from government service raised a presumption of entitlement to disability retirement but the AJ failed to shift the burden of production to OPM to rebut such presumption. Because the AJ properly applied the burden of proof and the authorities cited by McCarthy are inapposite to the present case, the Board's final decision is *affirmed.*

## BACKGROUND

McCarthy was a Supervisory Police Officer with the Department of the Navy. On October 25, 1997, he resigned from the agency. On October 15, 1998, McCarthy filed an application for disability retirement under the Civil Service Retirement System ("CSRS"), stating that he could not perform the duties of his position because he suffered from hypertension, hyperlipidemia, hypercholesterolemia, anxiety, and depression that started in January 1997.

On July 19, 1999, OPM denied McCarthy's application for disability retirement for lack of objective documentation showing a service deficiency and for lack of evidence documenting a disabling medical condition. After OPM affirmed its initial decision upon a request for reconsideration, McCarthy appealed to the Board.

On December 12, 2000, the AJ found that McCarthy suffered from hypertension, hyperlipidemia, hypercholesterolemia, anxiety, depression, and posttraumatic stress syndrome ("PTSD"), but he failed to show by a preponderance of the evidence that he was disabled and unable to perform the specific duties and responsibilities of his position. McCarthy petitioned the full Board for review. The two sitting Board members could not agree on the disposition of the petition for review. Thus, by order dated August 14, 2002, the AJ's initial decision became final.

McCarthy filed a timely petition for review by this court. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

Our review of Board decisions in disability cases is highly circumscribed. This court lacks authority to review either the substantive merits of a disability determination or its factual underpinnings. *Lindahl v. Office of Pers. Mgmt.*, 470 U.S. 768, 791, 105 S.Ct. 1620, 84 L.Ed.2d 674 (1985). Our review is limited to whether there has been a "substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error going to the heart of the administrative determination." *Id.*

McCarthy argues that the AJ departed from important procedural rights for failing to properly allocate the burden of production in this case. McCarthy contends that he took extended sick leave before retirement, and such leave, approved by the agency, raised a presumption of entitlement to disability retirement. With such presumption, McCarthy argues, the burden of production is shifted to OPM, and the Board failed to do so. To support his position, McCarthy cites *Bruner v. Office of Pers. Mgmt.*, 996 F.2d 290, 294 (Fed.Cir.1993), and two non-precedential decisions, *Montgomery v. Office of Pers. Mgmt.*, 48 Fed.Appx. 760, 2002 WL 31296331 (Fed.Cir.), and *Townsend v. Office of Pers. Mgmt.*, 41 Fed.Appx. 465, 2002 WL 1484442 (Fed.Cir.).

McCarthy's argument has no legal support. *Montgomery* and *Townsend* are not citable as precedents. *See* Fed. Cir. R. 47.6 (stating that non-precedential opinions are not citable). The only authority cited, *Bruner*, is inapposite. In *Bruner*, we held that "the government's action in separating an employee for disablement produces a presumption of disability that serves to shift to the government the burden of production." *Bruner*, 996 F.2d at 294. There, the employee was terminated by the governmental agency from employment on the ground that he was physically unable to perform his job and it was not possible to place him in any other position. *Id.* at 291. Here, however, McCarthy voluntarily retired without any agency action being taken. In fact, McCarthy's supervisor stated that since he resigned from his position, no accommodation could be made. Thus, no presumption of disability arose because there is no government action separating McCarthy for disablement. Sick leave approval by the agency is not comparable to a mandatory disability termination, and McCarthy provides no authority for his position that approval of sick leave creates a presumption of disability.

Thus, we hold that the AJ did not depart from petitioner's important procedural rights by failing to shift the burden of

production to OPM. A presumption of disability is not warranted in this case.