NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3110

BRENDA C. MONTGOMERY,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED:  June 13, 2005

_____

Before MAYER, RADER, and DYK, Circuit Judges.

RADER, Circuit Judge.

The Merit Systems Protection Board (Board) denied Ms. Brenda C. Montgomery's appeal of her claim for disability retirement benefits under the Federal Employees' Retirement System (FERS).  See Montgomery v. Office of Pers. Mgmt., No. AT-844E-04-0197-I-1 (M.S.P.B. Feb. 4, 2005) (final decision).  Because Ms. Montgomery's claim is barred under 5 U.S.C. § 8453 as untimely, we affirm.

BACKGROUND

This is the second time Ms. Montgomery has come before this court to review the denial of a claim for FERS disability retirement benefits arising out of her former employment with the Marshals Service.  See Montgomery v. Office of Pers. Mgmt., 48 Fed.Appx. 760 (Fed. Cir. 2002) (Montgomery I).

Ms. Montgomery initially applied for disability retirement benefits under FERS in a first application dated November 16, 1998. Ms. Montgomery was still working as an employee of the Marshals Service at the time of filing, and cited "[s]tress, depression and high blood pressure" as the basis for her claim. Montgomery I, 48 Fed. Appx. at 761. OPM denied Ms. Montgomery's first application because she did not show a deficiency or disabling medical condition that prevented her from performing the critical duties of her position. Id. After a Board review which affirmed the denial, this court affirmed the Board's decision in Montgomery I. Id. at 762.

After this court's decision in Montgomery I, Ms. Montgomery filed this second application dated March 21, 2003, with a substantially identical claim for disability retirement benefits under FERS. OPM denied Ms. Montgomery's second application as untimely, the application having been filed beyond the one year statutory time period set forth in 5 U.S.C. § 8453. Ms. Montgomery appealed OPM's denial to the Board, which affirmed the denial in an opinion that discussed factual determinations bearing on whether the statutory time limit should be waived due to mental incompetence. Montgomery v. Office of Pers. Mgmt., No. AT-844E-04-0197-I-1 (M.S.P.B. Apr. 14, 2004) (initial decision). This appeal followed.

DISCUSSION

This court affirms a decision of the Board unless it is arbitrary, capricious, an abuse of discretion, not in accordance with the law, or unsupported by substantial evidence. See 5 U.S.C. § 7703(c) (2000); Marino v. Office of Pers. Mgmt., 243 F.3d 1375 (Fed.Cir. 2001).

The present case turns on whether Ms. Montgomery is entitled to a waiver of the statutory time period for filing an application for disability retirement benefits under FERS. Specifically, as set forth in 5 U.S.C. § 8453 (1987) (emphasis added):

> A claim may be allowed under this subchapter only if application is filed with the Office before the employee or Member is separated from the service or within 1 year thereafter. This time limitation may be waived by the Office for an employee or Member who, at the date of separation from service or within 1 year thereafter, is mentally incompetent if the application is filed with the Office within 1 year from the date of restoration of the employee or Member to competency or the appointment of a fiduciary, whichever is earlier.

In the present case, "[i]t is undisputed that Ms. Montgomery was separated from federal service on June 29, 2001, and that her application for disability retirement benefits was signed and dated on February 6, 2003." Initial Decision at 2. "[E]ven using the date [Ms. Montgomery's] application was signed as the date of filing, it remains approximately 8 months beyond the one-year deadline." Id. Thus, Ms. Montgomery's claim is time barred unless she was mentally incompetent at the date of separation from service or within one year thereafter so as to qualify for a waiver of the one year statutory deadline.

The Board found that "precisely because of [Ms. Montgomery's] ongoing medical condition, her application for disability retirement was entrusted to an attorney, Roy Martinez." Initial Decision at 3. As noted by the Board, Ms. Montgomery is bound by the consequences of Mr. Martinez's conduct, including his failure to timely file an application for disability retirement. Initial Decision at 4, citing Rowe v. Merit Sys. Prot. Bd., 802 F.2d 434, 473 (Fed. Cir. 1986).

While the evidence involving Mr. Martinez alone is substantial evidence in support of the Board's decision, the Board also found that Ms. Montgomery's repeated

attempts to monitor the progress of her disability application indicated she was sufficiently mentally competent to handle her own affairs and would not be entitled to the waiver even in the absence of Mr. Martinez. Id. This finding is further supported by statements from Ms. Montgomery's doctors, such as Dr. Roquemore, who stated Ms. Montgomery "is capable to manage money and does not need a guardian at this time." Thus, there is substantial evidence in support of the Board's findings as to Ms. Montgomery's mental incompetence.

Presumably in response to the Board's findings as to her mental incompetence, Ms. Montgomery's brief to this court includes a letter from a Dr. Naqvi, a psychologist, that she argues is objective medical evidence in support of her request for a waiver. As Dr. Naqvi's letter is dated February 28, 2005, which is after the Board's February 4, 2005 decision, clearly this letter was not considered by the Board and must be new factual evidence first introduced on appeal to this court. This court is precluded from considering new factual evidence that was not presented to the Board. Oshiver v. Office of Pers. Mgmt., 896 F.2d 540, 542 (Fed.Cir. 1990) (refusing to consider new evidence that was not presented to the Board); Rockwell v. Dep't of Transp., F.A.A., 789 F.2d 908, 913 (Fed. Cir. 1986) (explaining that Congress limited this court's appellate review "to final orders and decisions of the board on the record"); Yuni v. Merit Sys. Prot. Bd., 784 F.2d 381, 387 (Fed. Cir. 1986) (refusing to consider factual evidence presented for first time in briefs to this Court and limiting the test for sufficiency of evidence to the facts of record). Thus, this court does not address whether Dr. Naqvi's letter supports Ms. Montgomery's request for a waiver.

Given the above, we cannot say the Board's decision that Ms. Montgomery was not entitled to a waiver of the one-year time limit is arbitrary, capricious, an abuse of discretion, not in accordance with the law, or unsupported by substantial evidence, the standard for our review of the Board's determinations on mental incompetence. See 5 U.S.C. § 7703(c) (2000); McLaughlin v. Office of Pers. Mgmt., 353 F.3d 1363, 1367 (Fed. Cir. 2004).  Thus, the Board's decision must be affirmed.

As this court finds substantial evidence supports the Board's decision, we need reach the issue of whether Ms. Montgomery's claim also is barred under res judicata in view of this court's decision in Montgomery I.[1]

---

[1] In the present case, Ms. Montgomery filed a substantially identical claim for disability retirement benefits that was previously litigated and decided on the merits in Montgomery I.  Montgomery I, 48 Fed. Appx. 760.  Res judicata normally would bar Ms. Montgomery from re-litigating an identical claim between the same parties if properly raised as an affirmative defense by the Government.  See Hallstrom v. Foster, 256 F.3d 1290, 1298 (Fed. Cir. 2001) ("Simply put, the doctrine of res judicata provides that when a final judgment has been entered on the merits of a case, it is a finality as to the claim or demand in controversy.").

05-3110                                        5